# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-3619

_____

United States of America,      *
                               *
        Plaintiff - Appellee,      *
                               *   Appeal from the United States
    v.                         *   District Court for the
                               *   Western District of Missouri.
Kevin Ray Martin,              *
                               *
        Defendant - Appellant.     *


_____

Submitted: April 17, 2012
Filed: May 14, 2012

_____

Before MELLOY, ARNOLD, and GRUENDER, Circuit Judges.

_____

MELLOY, Circuit Judge.

Kevin Ray Martin pled guilty to violating the Sex Offender Registration and Notification Act (SORNA), 18 U.S.C. § 2250(a). Martin's Presentence Investigation Report (PSR) indicated that his offense level was 13 and he had a criminal history category III, yielding an advisory Guidelines sentencing range of eighteen to twenty-four months. The district court[1] concluded that the advisory range was inadequate in light of the statutory factors set forth in 18 U.S.C. § 3553(a) and sentenced Martin to

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

120 months' imprisonment, the statutory maximum for Martin's offense. Martin challenges his sentence on appeal, arguing that it is grossly disproportionate to the crime that was committed, in violation of the Eighth Amendment. We affirm.

I.

On September 19, 1990, Martin entered a plea of nolo contendere to a charge of rape in Marion County, Arkansas, and was sentenced to fifteen years. He was released on July 7, 2000, at which time he was advised of his duty to register as a sex offender. Less than two months later, on August 28, 2000, Martin was charged in Benton County, Arkansas, with attempted rape and battery after he chased a woman and grabbed her while she was jogging. Martin eventually pled guilty to an amended charge of false imprisonment and was sentenced to ten years' imprisonment.

On August 27, 2010, Martin completed his sentence. Before obtaining his release from the Arkansas Department of Corrections, he completed a State of Arkansas Sex Offender Registration Form and was again advised of his ongoing duty to register as a convicted sex offender. On September 18, 2010, Martin completed a Missouri Offender Registration/Change of Address form, listing a new address in Taney County, Missouri. When a deputy Sheriff arrived at that address three days later to check on its validity, the homeowner informed the deputy that no one named Kevin Martin had ever lived there. The deputy determined at that time that Martin's registration was fraudulent.

On October 14, 2010, Martin was arrested in Stone County, Missouri, after police received reports about a suspicious man in the vicinity of a local school. At the time of his arrest, Martin had in his possession numerous personal items belonging to a fourteen-year-old girl attending the school. The girl was the daughter of Martin's former fellow inmate, with whom he was staying. The personal items Martin

possessed included a pair of the girl's panties, various pictures of her, and handwritten notes indicating her interests and birthday.

A federal indictment was returned on November 9, 2010, charging Martin with failure to register as a sex offender under SORNA. Martin pled guilty, and a sentencing hearing was conducted on November 17, 2011. At the hearing, the district court heard testimony about the circumstances of Martin's 2010 arrest. The girl's mother testified that Martin had taken her daughter's belongings without the family's permission and that he had stayed with the family without disclosing his status as a sex offender. The court also considered additional evidence about Martin's criminal history. Although his PSR calculated his criminal history category based only on the two convictions mentioned above, official documents indicated that there had also been unadjudicated charges filed against Martin in 2000 for failing to register as a sex offender and for incest, as well as a juvenile charge for attempted rape in 1987 for which the juvenile records were not preserved.

Citing the factors in § 3553(a), the district court varied upward from the Guideline range and sentenced Martin to 120 months. The court explained:

> A person with your history and characteristics who gets out of prison, who fails to register as a sex offender, continues to engage in conduct that reflects an obsession for young girls . . . shows that society seriously needs to be protected from you, and I believe that a sentence taking into consideration these statutory factors needs to send a message to promote respect for the law and provide adequate and just punishment and hopefully deter others from engaging in the type of conduct you have engaged in.

See 18 U.S.C. §3553(a)(1) (instructing the court to consider "the nature and circumstances of the offense and the history and characteristics of the defendant"); § 3553(a)(2)(A), (C) (instructing the court to consider "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law,

and to provide just punishment for the offense" and "to protect the public from further crimes of the defendant").

Martin filed a timely notice of appeal. On appeal, he does not challenge his sentence on any procedural grounds or allege that the sentence was substantively unreasonable. The sole issue before us is Martin's Eighth Amendment challenge that the district court's sentence was grossly disproportionate to his offense.

II.

We review de novo whether a sentence violates the Eighth Amendment. United States v. Paton, 535 F.3d 829, 837 (8th Cir. 2008). Martin's sentence of 120 months was within the statutory range permitted by SORNA. See 18 U.S.C. § 2250(a). "[T]he fixing of prison terms for specific crimes involves a substantive penological judgment that, as a general matter, is 'properly within the province of legislatures, not courts.'" Harmelin v. Michigan, 501 U.S. 957, 998 (1991) (Kennedy, J., concurring) (quoting Rummel v. Estelle, 445 U.S. 263, 275–76 (1980)). Because of this, courts "should grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishment for crimes." Solem v. Helm, 463 U.S. 277, 290 (1983). Although the Supreme Court has acknowledged a "narrow proportionality principle" that finds a sentence for a term of years can violate the Eighth Amendment if it is grossly disproportionate to the crime committed, success on such challenges has been rare. See Ewing v. California, 538 U.S. 11, 20–24 (2003). In the Eighth Circuit, "it is exceedingly rare for a non-capital sentence falling within the authorized statutory range to constitute a violation of the Eighth Amendment." Paton, 535 F.3d at 838. Martin has identified no case in any circuit that has found a sentence for a SORNA violation to violate the Eighth Amendment.

"In considering whether a sentence is unconstitutionally disproportionate to a crime, '[w]e first address the gravity of the offense compared to the harshness of the

-4-

penalty.'" Paton, 535 F.3d at 837 (quoting Ewing, 538 U.S. at 28). The thrust of Martin's argument is that his crime was merely a *malum prohibitum* offense that injured no particular victim. Martin believes a ten-year sentence is disproportionate to his failure "to go to the local sheriff's office and fill out the proper registration forms within the proper time period." The evidence does not support Martin's characterization of his offense. He not only failed to fill out a proper registration, but also fraudulently registered an address at which he never resided. Martin hid his actual location from the police, and hid his sex offender history from the family that housed him. In this regard, Martin's failure to properly register led to the type of situation that SORNA was enacted to prevent. See, e.g., 152 Cong. Rec. S8012-02, 8014 (daily ed. July 20, 2006) (statement of Sen. Biden) ("Sexual predators must be tracked, and our cops and our parents have a right to know when these criminals are in their neighborhoods.").

In weighing the gravity of the offense with the harshness of the penalty, we consider the "harm caused or threatened to the victim or to society." United States v. Wiest, 596 F.3d 906, 912 (8th Cir. 2010). The district court noted that the details of Martin's arrest demonstrate the threat that Martin posed to society. Martin claims the district court imposed a harsh sentence based only on "a speculative and nonexistent sexual assault." However, § 3553(a) expressly calls for a district court to consider the "nature and circumstances of the offense" as well as the need "to protect the public from further crimes of the defendant." The district court noted that the context of Martin's most recent arrest, when combined with his particular history, demonstrated conduct that was "persistent, troubling, and unabated by past punishments." As in Paton, this indicates "an unwillingness or inability to 'conform[] to the norms of society as established by its criminal law.'" Paton, 535 F.3d at 837 (quoting Rummel, 445 U.S. at 276). We therefore conclude that Martin's sentence, which was within the statutory range established by Congress, was not grossly disproportionate to his offense.

III.

For the forgoing reasons, we affirm the judgment of the district court.

_____