FILED
United States Court of Appeals
Tenth Circuit

December 9, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL ANTHONY MCBRAYER,

    Defendant - Appellant.

No. 13-6101
(D.C. No. 5:12-CR-00213-HE-1)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **EBEL**, and **PHILLIPS**, Circuit Judges.

---

Defendant-Appellant Michael Anthony McBrayer pled guilty to failing to register as a sex offender and was sentenced to 48 months' imprisonment and ten years' supervised release. 18 U.S.C. § 2250(a). He now appeals, challenging the district court's decision to impose a substantial upward variance from the advisory guideline range of 15-21 months. The statutory range is not more than ten years. Id. He argues that the sentence is excessive—greater than necessary to satisfy the purposes of sentencing. 18 U.S.C. § 3553(a). Our jurisdiction arises

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).  We affirm.

Mr. McBrayer did not update his sex offender registration in Oklahoma after he began staying there in April 2012 following his discharge from prison in January 2011.  The district court articulated several reasons for the upward variance.  18 U.S.C. § 3553(a).  These include: (1) the seriousness of his first degree rape conviction (though occurring in 1992) and his subsequent failure to register; (2) the need to protect the public as evidenced by two police reports alleging unlawful conduct by Mr. McBrayer since his 2011 release—the first, an inappropriate touching of an eight-year-old girl, and the second, an attempt to lure a 13-year-old girl into his car while she was walking to her school bus stop; and (3) Mr. McBrayer's personal characteristics and history, which involve a lack of sexual impulse control (as evidenced by his fourteen children with nine different women and his possessing pornography when arrested on the failing-to-register charge) and mental health issues.  Aplt. Br. 6.

Mr. McBrayer argues that the district court imposed a substantively unreasonable sentence.  Aplt. Br. 5.  At sentencing, he argued for the low end of the guideline range, and the government requested a sentence at the high end of the guideline range.  Mr. McBreyer argues that (1) failing to register as a sex offender is a regulatory violation for which his base offense of rape was already considered when he was classified as a Tier III offender, see Aplt. Br. 6-7; and (2) no aggravating facts surround his failure to register, given that Mr. McBrayer

- 2 -

denied the allegations in the two police reports, no alleged victims were produced at sentencing, and no charges were ever filed, Aplt. Br. 8. We are not persuaded that the district court abused its discretion.

We review the substantive reasonableness of a sentence for an abuse of discretion. United States v. Huckins, 529 F.3d 1312, 1317 (10th Cir. 2008). We give due deference to the district court's decision to deviate from sentencing guidelines when the factors provided by 18 U.S.C. § 3553(a) justify the variance as articulated by the sentencing court. Id.

As Mr. McBrayer recognizes, the district court provided statutorily-based reasons for the upward variance; reasons that we conclude are supported by the facts and circumstances of this case. See United States v. Martinez, 610 F.3d 1216, 1227 (10th Cir. 2010). We note that the sentence imposed was well below the ten-year statutory maximum. See 18 U.S.C. § 2250(a)(3). The fact that Mr. McBrayer sought a lesser sentence does not mean that the upward variance imposed was arbitrary or unreasonable. See Martinez, 610 F.3d at 1227.

Nor did the district court abuse its discretion in considering the seriousness of the underlying rape offense and his failure to register. A sentencing court has broad discretion to consider the particular facts of a case, even when those facts are already accounted for in the guideline range. See United States v. Alapizco-Valenzuela, 546 F.3d 1208, 1222 (10th Cir. 2008). Contrary to Mr. McBrayer's assertions, the failure to register is not merely a regulatory violation

but a failure to conform to the national registry system meant to protect the public from future harm by convicted sex offenders—a justification articulated by the district court in this case.  See United States v. Lawrance, 548 F.3d 1329, 1333 (10th Cir. 2008); see also United States v. Martin, 677 F.3d 818, 821 (8th Cir. 2012).

Of course, the district court could consider the police reports during sentencing, as hearsay evidence may be considered if it bears a minimal indicia of reliability.  See 18 U.S.C. § 3661; accord United States v. Ruby, 706 F.3d 1221, 1229 (10th Cir. 2013).  The district court noted that the police reports alleged unadjudicated conduct and, as such, gave the reports their proper weight in evaluating Mr. McBrayer's risk to public safety.

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge